IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| STEVEN BLASER<br><br>            Plaintiff,<br><br>v.<br><br>COLLEEN J. BENTLEY,<br><br>            Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:09-cv-0625 CW<br><br>Judge Clark Waddoups |

      On or about June 30, 2009, Steven Blaser ("Blaser") filed a Complaint for Eviction (Unlawful Detainer) against Colleen J. Bentley ("Bentley") in state court. On July 2, 2009, Bentley filed a Complaint in federal court against American Home Mortgage Servicing, Inc. and others claiming violations of the Truth in Lending Act, Home Equity Protection Act, and various common law claims. Because both complaints relate to the same property, Bentley seeks to halt the eviction until the federal claims are resolved. Consequently, she filed a Notice of Removal on July 14, 2009. Two days later Blaser filed an Objection to the removal.

      "Removal is appropriate only when a complaint filed in state court properly could have been filed in federal court."[1] Typically, this means that a "federal question must appear in the complaint well pleaded."[2] Because the "grounds for removal must inhere in the plaintiff's claim," a defense

---

[1] *Marcus v. AT&T Corp.*, 938 F. Supp. 1158, 1165 (S.D.N.Y. 1996).

[2] *Barnhart-Graham Auto, Inc. v. Green Mt. Bank*, 786 F. Supp 394, 396 (D. Vt. 1992).

or counterclaim cannot provide the basis for removal.[3]  No federal question appears on the face of Blaser's Complaint.  While Bentley may have defenses or counterclaims to the eviction action, based on federal law, the defenses or counterclaims may not be used to obtain federal jurisdiction.  The fact that Bentley filed a federal action after Blaser filed his complaint does not alter the analysis.  One federal case cannot be used as the basis for finding federal jurisdiction in another case.  Moreover, before two federal cases may be joined, there must first be two cases that are properly before the court.  Such is not the case here.  Because Bentley has failed to prove that removal is proper, the court hereby remands this case to the clerk of the Third District Court in and for Salt Lake County, State of Utah.

DATED this 13th day of August, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] *Id.* (citing *Ballard's Serv. Center, Inc. v. Transue*, 865 F.2d 447 (1st Cir. 1989)) (other citations omitted).